**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-23-122-RAW** |
| | ) | |
| **MICHAEL RAY ROBERTSON, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>ORDER</u>**

Before the court is a letter from the defendant, treated as a *pro se* motion (#91).  On July 12, 2023, defendant was indicted (#2) on two counts of aggravated sexual abuse in Indian Country.  On April 16, 2024, defendant was acquitted by a jury (#88) and a judgment of acquittal (#90) was entered.  He now asks the court to expunge his federal court record on the following basis: "I believe background checks are the reason I have been unsuccessful in all of my many attempts to get a job, and in many struggles to find a rental place to live."

Since the Supreme Court decision in *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375 (1994), several courts of appeals have held that federal courts lack ancillary jurisdiction over motions for expungement based on purely equitable grounds.  The Tenth Circuit, however,  continues to hold that courts retain inherent equitable authority to order expungement in

rare or extreme circumstances. *See United States v. Trzaska,* 781 Fed.Appx. 697, 699 n.2 (10th Cir.2019).

The fact that the defendant was acquitted is not in itself sufficient to warrant expungement of an arrest record. *United States v. Linn,* 513 F.2d 925, 927-28 (10th Cir.1975). If the movant presents an "additional dimension which requires further inquiry" there may be reasons to justify the exercise of the trial court's "narrow" power to order expungement. *Trzaska,* 781 Fed.Appx. at 704. The "additional dimension" recognized in *Trzaska* was if the crime charged carried opprobrium not inherent in other crimes. *Id.* The charges in the case at bar (aggravated sexual abuse) appear to fall into that category. In those circumstances, "the movant bears the burden of establishing – through an adversarial process – the factual foundation for its claim of expungement relief." *Id.* at 706. The district court should grant movant "an opportunity to offer evidentiary materials to establish (if possible) a factual foundation for his claim for expungement – through supplementation of his motion, participation in an evidentiary hearing, or other means that the court, in its discretion, directs." *Id.* at 707.

Nevertheless, the court will deny the motion, on a ground not addressed in *Trzaska.* This court conducted its own "background check"

and finds that movant has prior state court <u>convictions</u> which remain of public record.  He was convicted of sexual abuse in 2008 in Bryan County (CF-2008-129).  It appears that this conviction was vacated based upon *McGirt v. Oklahoma,* 591 U.S. 894 (2020) and the factual circumstances may well have formed the basis for the charges in the case at bar. Movant also pled no contest to a charge of assault and battery with a dangerous weapon, also in Bryan County (CF-2000-396).  The salient point is that even if  this court expunged the charges of which movant was acquitted in this court, this would not "clear" his record for employment or rental purposes.  *See Lucky v. United States,* 2016 WL 525474,  *3  (E.D.N.Y.2016)("Moreover, many  of  the  concerns  that Petitioner cites in his motion would not be solved by an expungement of his conviction.  For one, expungement of Petitioner's felon-in-possession conviction would not expunge the records of his other convictions.").

Therefore, movant has not demonstrated this is the "unusual or extreme case" warranting expungement.  *See Linn,* 513 F.2d at 927. Expungement "is not a remedy to be granted frequently."  *United States v. Friesen,* 853 F.2d 816, 817-18 (10th Cir.1988).  The expungement power is a narrow one, reserved for extreme cases.  *Bromley v. Crisp,* 561 F.2d 1351, 1364 (10th Cir.1977).

The court is not without sympathy for the movant.  This court's records, however, are clear that movant was <u>acquitted</u> of the charges for which he was tried in this court.  His motion merely speculates that background checks regarding his <u>federal</u> record have resulted in employment and rental denials.  Granting the present motion would not be efficacious in that regard, as his state record would remain for inspection.

It is the order of the court that the motion of the defendant (#91) is hereby denied.

**ORDERED THIS 23rd DAY OF MARCH, 2026.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**